UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
AQUILA GAITHER,

      Plaintiff,

-against-

SUPERINTENDENT DALE ARTUS,

      Defendant.

**MEMORANDUM & ORDER**

**08-CV-3105 (NGG)**

----------------------------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge.

Petitioner pro se Aquila Gaither ("Gaither") brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his November 8, 2004 conviction in New York Supreme Court, Kings County, for second degree murder. (Pet. (Docket Entry # 1) ¶¶ 2, 5.) For the reasons set forth below, Gaither's petition is denied.

## I. BACKGROUND

On December 23, 2001, Gaither shot and killed Jamar Edward ("Edward") near the corner of Clarendon Road and East 23rd Street in Brooklyn, New York. (Def.'s Mem. (Docket Entry # 5) at 2-4.) At trial, Gaither attempted to prove that he shot Edward in self-defense. Trial. Tr. at 569, People v. Gaither, No. 7543/2003 (N.Y. Sup. Ct., Kings Cnty. Oct. 4, 2004). After three hours of deliberation, the jurors delivered a note to the court, stating that they were deadlocked. Id. at 649. The judge then called in the jury and stated, "I'm going to ask you to return and continue on with your deliberations." Id. at 653. An hour later, the jury returned a guilty verdict. Id. at 659.

Gaither then appealed his conviction to the New York Supreme Court, Appellate Division, Second Department on three grounds: (1) that the evidence was legally insufficient to disprove his defense of justification, i.e., self-defense; (2) that the verdict was against the weight

1

of the evidence; and (3) that the trial court's instruction to the jurors to "continue on with your deliberations" violated Gaither's constitutional right to due process. (Llewellyn Decl. (Docket Entry # 5) ¶ 9.) The Second Department rejected each of Gaither's arguments and affirmed the verdict. People v. Gaither, 834 N.Y.S.2d 487, 487 (2d Dep't 2007). Gaither then sought leave to appeal the Second Department's ruling to the New York Court of Appeals. (Llewellyn Decl. ¶ 11.) On August 22, 2007, the Court of Appeals denied his request. People v. Gaither, 9 N.Y.3d 875 (N.Y. 2007). Gaither filed the instant petition on July 14, 2008. (Pet.)

## II. STANDARDS OF REVIEW

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal court may grant a writ of habeas corpus to a state prisoner on a claim that was "adjudicated on the merits" in state court only if it concludes that the adjudication of the claim "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Determinations of factual issues made by a state court "shall be presumed to be correct," and the applicant "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." Id. § 2254(e)(1).

An "adjudication on the merits" is a "substantive, rather than a procedural, resolution of a federal claim." Sellan v. Kuhlman, 261 F.3d 303, 313 (2d Cir. 2001). A decision is "contrary to" clearly established federal law if "the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A decision is "an unreasonable application" of

2

clearly established federal law if a state court "identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of [a] prisoner's case." Id. at 413. For relief to be warranted, the "state court's application of governing federal law . . . must be shown to be not only erroneous, but objectively unreasonable." Waddington v. Sarausad, 129 S. Ct. 823, 831 (2009) (internal quotation marks omitted).

In assessing "clearly established" federal law, a federal district court must confine itself to the holdings, as opposed to the dicta, of the Supreme Court. See Carey v. Musladin, 549 U.S. 70, 74 (2006). Moreover, "Musladin admonishes courts to read the Supreme Court's holdings narrowly and to disregard as dicta for habeas purposes much of the underlying logic and rationale of the high court's decisions." Rodriquez v. Miller, 499 F.3d 136, 140 (2d Cir. 2007); see also Yarborough v. Alvarado, 541 U.S. 652, 660-61 (2004). ("[E]valuating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case by case determinations.").

A pleading by a pro se litigant must be construed liberally and interpreted to raise the strongest arguments that it suggests. Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006). "If a pro se litigant pleads facts that would entitle him to relief, that petition should not be dismissed because the litigant did not correctly identify the statute or rule of law that provides the relief he seeks." Thompson v. Choinski, 525 F.3d 205, 209 (2d Cir. 2008).

III. DISCUSSION

A. Sufficiency of the Evidence to Disprove an Affirmative Defense

Gaither claims that, despite the jury's verdict, the evidence presented at trial was insufficient for the People to disprove his claim of self-defense, in violation of his constitutional right to due process. (Pet. at 5.) In reviewing an insufficiency-of-the-evidence claim, the court

3

asks "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). Applied to claims of self-defense in New York,[1] a court reviewing a petitioner's habeas claim that the evidence was insufficient for the People to disprove the defendant's claim of self-defense at trial, the court asks whether "a rational jury could have reasonably concluded that the prosecution had proven beyond a reasonable doubt that [the defendant] did not act in self-defense when he killed [the victim]." DeLeon v. Hanslmaier, 104 F.3d 355 (2d Cir. 1996) (table decision) (citing Jackson, 443 U.S. at 319).

At trial, the evidence demonstrated a physical discrepancy between Edward and Gaither: Edward was 5'11" tall, weighed 310 lbs., and was a known crack dealer while Gaither was "very slim, very slender." Trial Tr. at 570. Prior to the shooting, Gaither engaged in a heated argument with Edward over the phone. Id. at 588. At one point, Gaither told Edward he was going to "clap him"—which the defense conceded meant to "kill him"—and told Edward to meet him at a street corner near the site of the shooting. Id. at 572, 588. Gaither then drove to that location, armed with a gun. Id. at 591. When Gaither arrived, Gaither and Edward then exchanged words, at which point Edward told Gaither to step out of his car and motioned to his waistband as if he was carrying a gun. Id. at 593. Gaither stepped out of his car and the pair verbally confronted one another. Id. at 574. Gaither then shot Edward once, paused, and then fired four more shots into Edward. Id. at 596-97.

At trial, Gaither claimed that he was fearful of Edward due to his size and reputation, and believed that if he did not shoot Edward, he would have been killed himself. Id. at 570. The

---

[1] In New York, the People must disprove a defendant's affirmative defense of justification, i.e., self-defense, beyond a reasonable doubt. See N.Y. Penal Law §§ 25.00, 35.00, 35.15(2).

4

parties also presented evidence that Gaither may have believed that Edward would have harmed his family had Gaither not killed him. See id. at 579. Indeed, officers on the scene after the shooting found that Edward had a gun in his waistband, but that it was unfired. Id. at 596. Days after the shooting, Gaither's mother received a threatening call demanding that she disclose the whereabouts of Gaither; hours later an explosion went off in Gaither's sister's apartment. Id. at 579.

All of this evidence, however, "viewed in a light most favorable to the prosecution," strongly suggests that a rational jury could have concluded that Gaither, rather than defending himself, lured Edward to a particular street corner, armed with a gun, for the purpose of killing him. Once Gaither arrived at the site of the shooting, he exited his vehicle to confront Edward— rather than driving away—pulled out his gun, shot Edward once, paused, and then shot Edward four more times. Given this evidence, a rational trier of fact could have surely found that Gaither shot Edward without justification, despite the difference in size between the men, Edward's reputation as a crack dealer, and any threats Edward may have made concerning Gaither's family. Consequently, the Second Department, in rejecting Gaither's sufficiency-of-the-evidence claim, did not unreasonably apply Jackson or make an unreasonable determination of the facts in light of the evidence.

### B.  Weight of the Evidence

Gaither also argues that the weight of the evidence did not allow the jury to find him guilty of murdering Edward. (Pet. at 2.) "A weight of the evidence claim, however, is purely grounded in state law." See Sweeney v. Superintendent of the Watertown Corr. Facility, No. 06-cv-0663 (SDF), 2007 WL 2176987, at *8 (E.D.N.Y. July 27, 2007) (citing N.Y. Crim. Proc. Law § 470.15(5)). Yet, a federal court may grant a writ of habeas corpus to a state prisoner "*only* on the ground that he is in custody in violation of the Constitution or laws or treaties of the United

5

States." 28 U.S.C. § 2254(a); Estelle v. McGuire, 502 U.S. 62, 68 (1991). Consequently, the court lacks jurisdiction over Gaither's weight-of-the-evidence claim.

## C. Instruction of the Trial Court

Gaither lastly claims that the instruction of the trial court to "return and continue on with [the jury's] deliberations," Trial Tr. at 653, violated his constitutional right to due process as an impermissibly coercive instruction. (Pet. at 2.) The Second Department concluded that this claim was "without merit." Gaither, 834 N.Y.S.2d at 879. This constitutes an adjudication on the merits. See Brown v. Artuz, 283 F.3d 492, 498 (2d Cir. 2004). Where the trial court is aware of "the composition of the jury's nascent verdict," and issues an instruction to the jury to continue their deliberations that "does not speak specifically to the minority jurors," that supplemental instruction is properly characterized as a modified jury charge pursuant to Allen v. United States, 164 U.S. 492 (1896). Spears v. Greiner, 459 F.3d 200, 204-05 (2d Cir. 2006) (citing Lowenfield v. Phelps, 484 U.S. 231 (1988)). A modified Allen charge is not unconstitutionally coercive "when the charge is given by the court in an evenhanded, noncoercive manner that it would prefer a unanimous verdict if accomplished without any juror yielding a conscientious conviction which he or she may have." Smalls v. Batista, 191 F.3d 272, 279 (2d Cir. 1999) (internal punctuation omitted). The supplemental charge need not explicitly include cautionary language for the jurors to abandon or reexamine their beliefs if "the charge did not urge the jurors to listen to the views of other jurors with whom they disagreed or attempt to persuade each other." Spears, 459 F.3d at 206 (discussing Smalls).

After receiving a note from the jury that it was deadlocked at ten guilty, two not guilty, the trial court delivered a supplemental instruction: "[B]y my count, I don't think you have been deliberating more than three or four hours on this case. There have been a number of readbacks, lengthy readbacks, and in my view, I'm going to ask you to return and continue on with your

6

deliberations. Thank you." Trial Tr. at 653. Because the trial court was aware of the deliberating jury's nascent votes, and because its instruction did not speak to the minority, its instruction may be construed as a modified <u>Allen</u> charge. See <u>Spears</u>, 459 F.3d at 204-05. The substance of the charge—"I'm going to ask you to return and continue on with your deliberations," Trial Tr. at 653—was delivered by the court in "an evenhanded, noncoercive manner" that did not urge the jurors to listen to the views of other jurors, or compel them to persuade one another. It, therefore, did not need to include any cautionary language regarding the views or beliefs of other jurors. See <u>Spears</u>, 459 F.3d at 206. Consequently, the Second Department's denial of Gaither's claim that the supplemental charge violated his right to due process did not unreasonably apply <u>Lowenfield</u> or make an unreasonable determination of the facts in light of the simple and neutral language of the supplemental charge.

## IV. CONCLUSION

Petitioner's petition for a writ of habeas corpus is DENIED. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum and Order would not be taken in good faith and, therefore, in forma pauperis status is denied for the purpose of any appeal. See <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45 (1962). The Clerk of Court is directed to close this case.

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York
May 18, 2011

NICHOLAS G. GARAUFIS
United States District Judge